## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

### UNITED STATES OF AMERICA

vs.                                                     Case No. 4:07cr56-RH

### CARLOS ANDRES MONSALVE

_____/

### PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between the defendant, Carlos Andres Monsalve,

Clifford L. Davis, Attorney for the defendant, and the United States Attorney for the Northern

District of Florida. This agreement specifically excludes and does not bind any other state or

federal agency, including other United States Attorneys and the Internal Revenue Service, from

asserting any civil, criminal or administrative claim against the defendant.

### 2. TERMS

The parties agree to the following terms:

a.      Carlos Andres Monsalve will plead guilty to Count One of the Indictment. Count

One charges a conspiracy to commit four separate objects. Carlos Andres Monsalve will plead

guilty to objects two, three, and four of the conspiracy.

The maximum penalty for conspiracy to commit the second object, Title 8 U.S.C. §1324,

is *for each alien to whom such a violation occurs:* ten (10) years' imprisonment, a fine of

$250,000, and a three (3) year term of supervised release. There are five (5) aliens identified as

Victims 1-5 in the Indictment, therefore the total term of imprisonment is fifty (50) years.

The maximum penalty for conspiracy to commit the third object, Title 8. U.S.C. § 1328, is five (5) years' imprisonment, a fine of $250,000, and a three (3) year term of supervised release.

The maximum penalty for conspiracy to commit the fourth object, Title 18. U.S.C. § 2421, is five (5) years' imprisonment, a fine of $250,000, and a three (3) year term of supervised release.

There is also a $100 Special Monetary Assessment for Count One.

Carlos Andres Monsalve will plead guilty to Counts Five, Six, Seven, Eight, Nine, Ten, and Eleven of the Indictment. For each of these counts, Defendant faces a maximum penalty of ten (10) years' imprisonment, a fine of $250,000, a three (3) year term of supervised release, and a $100 Special Monetary Assessment.

The defendant agrees to pay the special monetary assessment on or before the date of sentencing.

b. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One (except for Object One) and Counts Five through Eleven of the Indictment. In pleading guilty to these offenses, Defendant acknowledges that were this case to go to trial, the government could present evidence to support these charge beyond a reasonable doubt.

c. Upon the District Court's adjudication of guilt of the defendant, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which he has pled and will move to dismiss Counts Two, Three, and Four of the Indictment.

2

d.      The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

e.      Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

f.      The United States Attorney agrees not to recommend a specific sentence. However, the United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by the defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

g.      Defendant understands that conviction on this charge may adversely affect his immigration status and may lead to his deportation.

## 3. SENTENCING

a.      Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

3

b.     The parties reserve the right to appeal any sentences imposed.

## 4. FORFEITURE

a. Prior to sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

b. Defendant agrees to fully and truthfully disclose all facts which could tend to make any interest which defendant owns or controls in property forfeitable under the laws of any jurisdiction, including property which may be forfeitable as substitute assets.

c. Defendant agrees to forfeit all forfeitable assets to the United States or to agencies designated by the United States. Defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing such persons holding property on the defendant's behalf to transfer such property to the United States. These transfers shall be completed prior to sentencing.

d. At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of quality, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

4

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and Carlos Andres Monsalve, and Carlos Andres Monsalve enters this agreement knowingly, voluntarily and upon advice of counsel.

GREGORY R. MILLER
United States Attorney

CLIFFORD L. DAVIS
Attorney for Defendant

COREY J. SMITH
Florida Bar No. 0120420
Assistant U.S. Attorney
Northern District of Florida
111 North Adams Street
Tallahassee, Florida 32301
(850) 942-8430

Date

CARLOS ANDRES MONSALVE
Defendant

5/27/08
Date

5/27/08
Date

5