IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                       Case Nos.:   4:07cr56/RH/CAS
                                                    4:11cv168/RH/CAS

CARLOS ANDRES MONSALVE

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 310). The Government has filed a response (doc. 313), and Defendant filed a reply (doc. 314). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

Defendant and five others were charged in a second superseding indictment with a conspiracy against the United States involving four objects: (1) knowing that fraud, force, or coercion would be used to cause the person to engage in a commercial sex act, transportation of a person in interstate or foreign commerce in violation of 18 U.S.C. § 1591; (2) transporting and harboring illegal aliens for the purpose of private financial gain in violation of 8 U.S.C. § 1324; (3) importation and holding of female aliens for the purpose of prostitution in violation of 8 U.S.C. § 1328; and (4) knowingly transporting an individual in interstate and foreign commerce with the intent that the individual engage in prostitution in violation of 18 U.S.C. § 2421 (doc. 79 at 2–3). Defendant alone was charged in ten additional counts with coercing alien victims to engage in commercial sex acts, importing and/or transporting alien victims for the purpose of prostitution and harboring an illegal alien. Essentially, Defendant was a leader in an "organization" that brought illegal immigrants from Latin America to the United States where they were put to work as prostitutes to repay the $16,000 to $20,000 transport fees.

Defendant pleaded guilty to objects two, three and four of Count One of the indictment, and to Counts Five, Six, Seven, Eight, Nine, Ten and Eleven (doc. 180). . His plea agreement notes that Count One of the indictment[2] charges a conspiracy to

---

[1]Detailed statements of facts describing the offense conduct are set forth in the Factual Basis for the Plea (doc. 179), and in the Eleventh Circuit's opinion (doc. 302) and will be set forth herein only as necessary.

[2]The agreement references "the indictment" which presumably is the second superseding indictment.

commit four separate objects (doc. 180). The plea agreement set forth the possible penalties for objects two through four of the conspiracy charged in Count One, as well as the possible penalties for Counts Five through Eleven (*id.* at 1–2).

The Presentence Investigation Report ("PSR") calculated Defendant's total offense level at 40, and his criminal history category at I, and the applicable guidelines range was thus 292 to 365 months. Defendant objected to the application of the obstruction of justice enhancement and the lack of adjustment for acceptance of responsibility, to the increase for his role in the offense, for the probation officer's determination that there were more than five victims, and for the adjustment for fraud and coercion. The Government sought restitution in the amount of $289,080.00 pursuant to 18 U.S.C. § 1593 (PSR ¶ 248–249; Government's objections to PSR; doc. 269 at 7–14).

At sentencing, the court sustained Defendant's objection to the lack of three level adjustment for acceptance of responsibility and the applicable guidelines range became 210 to 262 months. The court sentenced Defendant to a term of 240 months imprisonment on each count, to run concurrently. No fine or restitution was ordered (doc. 269).

Defendant appealed, contending that the district court erred finding that he placed two of the victims in fear, and in applying a "vulnerable victim" enhancement. The Eleventh Circuit found no error and affirmed Defendant's sentences (doc. 302).

In the present motion, Defendant raises four grounds for relief. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. <u>Nyhuis</u>, 211 F.3d at 1343

(quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v.

Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807

(11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous

claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Ground One

Defendant first contends that counsel was constitutionally ineffective because he failed to call an "exculpatory" witness at sentencing. Defendant's base offense level was 30 under U.S.S.G. § 2A3.1 (rather than 26 under § 2G1.1(c)(1)) because of the court's finding that he caused the women identified as Victims 1 and 2 ("V-1" and "V-2")[3] to engage in sexual acts by placing them in fear (PSR ¶¶72, 73, 85, 86). He unsuccessfully challenged the application of the cross-reference and the district court's finding of fear on appeal (doc. 302). Defendant now asserts that testimony from the woman known as "Victim 3" ("V-3") would have changed the district court's sentencing decision with respect to the cross-reference because she would have testified that many of the allegations made against Defendant by V-1 and V-2 and co-defendant Jorge Melchor were inaccurate. For instance, Defendant asserts that V-3 told him that she was not forced to do anything she did not want to do. He claims that V-3 would have testified that she traveled with V-1 and V-2 from Mexico to the United States; that during the trip the women discussed that they would be working as prostitutes when they

---

[3]The women are identified by their first names in Defendant's submissions, but the court adopts the redaction used by the Government in its submissions.

arrived in the U.S.; that they discussed the fee they were being charged for the transport; that they were never threatened or placed under duress; and that V-2 had worked as a prostitute in her home country. According to Defendant, V-3 would also have testified that the women were never threatened with deportation; that the women were never locked in the house; that a phone call from Defendant which allegedly left V-1 and V-2 in tears and which was largely the basis for the district court's finding on "fear," did not happen as they and co-defendant Melchor claimed; and that it was the women who actually controlled the situation, as evidenced by the fact that V-1 and V-2 refused to go shopping with Melchor and V-3, and fled during their absence (*see* doc. 310-1 at 2–8).

Defendant contends that he told counsel what V-3's testimony would be and told him that V-3 was willing to testify for the defense, but "counsel made no effort to locate or interview [V-3]" (doc. 310-1 at 2). Defendant admits that he provided only "possible contact information" for V-3 (doc. 314 at 1) and that the Government did not know where V-3 was (doc. 310-1 at 2). Defense counsel Clifford Davis notes in his affidavit that he discussed V-3 on several occasions with his client, who failed to advise him of her whereabouts (doc. 313-1 at 1). Counsel's inquiries of the Assistant United States Attorney and counsel for one of the co-defendants in an effort to locate V-3 were fruitless (*id.*). Counsel cannot be constitutionally ineffective for not presenting the testimony of a witness who could not be located and was thus unavailable.

Even if V-3 could have been located, and even if she would have testified as Defendant now claims she would have, her testimony would have stood alone against

Case Nos.: 4:07cr56/RH/CAS; 4:11cv313/RH/CAS

the testimony of V-1, V-2, and co-defendant Melchor. The Government submitted the transcripts from the testimony of V-1 and V-2 at co-defendant Melchor's trial and statements from the two women (*see* doc. 224, exhs. A–D), and Melchor testified at Defendant's sentencing (doc. 269 at 16–41). The greater weight of the evidence still would have supported the district court's finding, and thus there was no prejudice. *See* Glover, 531 U.S. at 203–04.

### Ground Two

Similar to the claim raised in his first ground for relief, Defendant contends in his second ground for relief that he should not have been sentenced under § 2A3.1 because there was insufficient evidence to support application of this provision. Rather, he asserts that he should have been sentenced pursuant to § 2G1.1(c)(1) with its corresponding lower base offense level. Defendant unsuccessfully raised this very claim on direct appeal (*see* doc. 302 at 9–12, 13–14, n. 12). It is therefore procedurally barred and may not be relitigated herein. Rozier, 701 F.3d at 684); Nyhuis, 211 F.3d at 1343.

### Ground Three

Defendant next contends that counsel was constitutionally ineffective because he did not call Marel Dihana Morales, his common-law ex wife, as a witness at sentencing. Defendant asserts that Ms. Morales' testimony would have contradicted the testimony of

Luz Ramos that Morales was afraid of Defendant, which led to the application of the obstruction adjustment.

The vast majority of Defendant's argument with respect to Ground Three is actually a substantive argument against the application of the obstruction of justice adjustment (PSR ¶ 70). Defendant attacks the entirety of Ramos' testimony, bit by bit, claiming that her testimony was factually and legally insufficient to support the enhancement. A general challenge to the application of the obstruction guideline, which could have been raised on direct appeal, is procedurally barred. *See* Lynn, 365 F.3d at 1234–35; Bousley, 523 U.S. at 621; McKay, 657 F.3d at 1195. Defendant attempts to circumvent the procedural bar by asserting that counsel's performance was deficient in one limited respect.

Defendant's assertion that counsel's performance was constitutionally deficient because he did not call Ms. Morales as a witness to rebut certain evidence pertinent to the obstruction issue does not entitle him to relief. First, the court notes that although Defendant asserts that Ms. Morales was present in court and willing to testify at sentencing, and that both he and Ms. Morales had asked that she be called as a witness, Defendant declined to address the court to bring this issue to the court's attention. Next, in spite of Defendant's assertion that Ms. Morales remains willing to testify as to this issue, he has not submitted an affidavit or statement from Ms. Morales to support his position. Finally, the portion of Ramos' testimony that Defendant

indicates Morales would have rebutted, regarding Morales'[4] alleged fear to return to Columbia, was inconsequential in the court's analysis of the propriety of the obstruction adjustment (*see* doc. 269 at 85–86). Defendant has failed to show that the outcome of the proceedings would have been different if counsel had called Morales to testify, and as such he has not shown prejudice and he is not entitled to relief.[5] Glover, 531 U.S. at 203–04.

Ground Four

Defendant complains in his fourth ground for relief that although the district court did not sentence him as a sex offender, the Federal Bureau of Prisons has labeled him as such. This issue asserts neither constitutional nor jurisdictional error, and, Defendant concedes in his traverse that this issue needs to be addressed through administrative remedies within the Bureau of Prisons. Therefore, no further discussion of this issue is warranted as Defendant is not entitled to § 2255 relief.

Conclusion

---

[4]Morales was not identified by name in Ramos' testimony (doc. 269 at 51). The parties' arguments assume that Morales was the same "wife" referenced by Ramos, and the court accepts this as true for the sake of analysis.

[5]Counsel's affidavit indicates that he had several conversations with Defendant's former wife, and that she "was not willing to be a witness for fear that her involvement in receiving money [from the conspiracy] to support her and their daughter might cause her some legal problems" (doc. 313-1 at 1–2). Counsel also stated that he would not have called Morales as a witness because Defendant had "strongly requested that I not involve her in the case as a witness" (*id.* at 2). Defendant states, twice, in his traverse that counsel's statement to this effect was "false" (doc. 314 at 4, 5). Resolution of this credibility issue is not necessary for disposition of Defendant's claim.

Case Nos.: 4:07cr56/RH/CAS; 4:11cv313/RH/CAS

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 310) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 16th day of June, 2014.

                                     /s/ Charles A. Stampelos
                                     **CHARLES A. STAMPELOS**
                                     **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).